John P. Pringle, SBN 072300
Toan B. Chung, SBN 276505
**ROQUEMORE PRINGLE & MOORE, INC.**
13300 Crossroads Parkway North, Suite 185
City of Industry, CA 91746
Tel No. (323) 724-3117
Fax No. (323) 724-5410

(Proposed) Special Counsel for Nancy J. Zamora,
Chapter 7 Trustee

FILED & ENTERED

MAR 20 2026

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY Spann     DEPUTY CLERK**

CHANGES MADE BY COURT

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

| | |
|---|---|
| In re | Case No. 9:25-bk-10686-RC |
| **Todd Stuart Kaplan,** | Chapter 7 |
| Debtor. | **ORDER SETTING CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY ROQUEMORE, PRINGLE & MOORE, INC., AS SPECIAL COUNSEL AS OF JANUARY 2, 2026, FOR HEARING** |
| | Hearing Date, Time and Place:<br>Date:  April 7, 2026<br>Time: 1:00 p.m.<br>Place: 1415 State Street<br>          Santa Barbara, CA 93101<br>          Courtroom 201 |

The Court sets for hearing, on April 7, 2026, at 1:00 p.m., in Courtroom 201, at 1415 State Street, Santa Barbara, CA 93101, Trustee's Application to Employ Roquemore, Pringle & Moore, Inc. ("RPM") as Special Counsel for the Chapter 7 Bankruptcy Estate as of January 2, 2026 (the "Application").

If the Court appreciates fully the Application, the Trustee seeks to serve as a probate

1

administrator for a probate estate of a non-debtor, and which probate estate the Debtor here may have an interest in as a beneficiary.  If the Court's understanding is accurate, the Court will want to hear from the Trustee.  Specifically, the Court will want to understand how the Trustee's standing as a disinterested party in the instant bankruptcy case, with their fiduciary duties running solely to the Debtor's bankruptcy estate, remains as such when they obtain a role as the administrator in a probate estate that may have competing creditors/beneficiaries to the Debtor's bankruptcy estate.

Further, the Court does not fully comprehend the purpose of the Application.  Special litigation counsel is to serve as counsel to the Trustee as the administrator of the non-debtor probate estate.  Why, precisely, would the Debtor's bankruptcy estate bear this burden?  Is this not a cost of the probate estate?  Is this cost not to be approved by the probate court?  The Application appears to provide for divided work, some for the bankruptcy estate, and some for the probate estate, with separate billing.  Yet, the pay seems to be based on distributions from the probate estate.  This has the appearance, solely, of counsel to a probate administrator.

The Clerk's Office is to serve this order on the Office of the United States Trustee.

###

Date: March 20, 2026

Ronald A. Clifford III
United States Bankruptcy Judge